UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FARZANA AHMED MIKRAZI,

                                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                Defendant.
_____

**DECISION AND ORDER**

15-CV-00698-JJM

        Plaintiff commenced this action on August 4, 2015, arguing that the Acting Commissioner's denial of her claim for Supplemental Security Income benefits was not supported by substantial evidence. Complaint [1], ¶7.[1] Both parties moved for judgment on the pleadings [8, 12], and have consented to my jurisdiction [14]. By Decision and Order dated September 21, 2016 [15], I granted plaintiff's motion to the extent of remanding her claim to the Acting Commissioner for further proceedings. Judgment was entered on September 22, 2016 [16].

        Before me is counsel's Motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 [17]. Although I set a briefing schedule on the motion [18], the parties have now filed a Stipulation for an award of fees in the amount of $6,300.00 [19].[2]

---

[1]    Bracketed references are to CM/ECF docket entries.

[2]    Although the Motion and Stipulation refer only to attorney's fees, plaintiff's Memorandum of Law [17-1] also seeks "$400.00 in costs". Id., p. 5. However, since the basis for this request is not specified, I do not consider it.

## ANALYSIS

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." By obtaining a remand under the circumstances present in this case, plaintiff is the "prevailing party" for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The fact that the parties have stipulated to the amount of the award does not relieve this court of the obligation to determine whether that amount is reasonable. *See* Pribek v. Secretary, Department of Health & Human Services, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (Elfvin, J.) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation"); Lockwood v. Colvin, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable").

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. §2412(d)(1)(A). "The burden is on the Government to show that its position was substantially justified." Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988). The government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee". Plaintiff seeks fees at an hourly rate of $193.76, based on the Consumer Price Index. Plaintiff's Memorandum of Law [17-1], pp. 4-5. This adjustment is appropriate. See Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009) (Arcara, J.) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the Consumer Price Index"). Moreover, I find the number of hours devoted to this case, as detailed in counsel's Declaration [17-2], to be reasonable. Therefore, I find no reason to second-guess the fee amount to which the parties have stipulated.

However, I cannot agree with counsel's request that payment be made to him rather than plaintiff. While plaintiff has assigned to counsel her entitlement to a fee award ([17-3, ¶7), the parties' Stipulation [19] allows direct payment to counsel only if plaintiff "owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program". "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

Therefore, "the name on the check must be plaintiff's and not her attorney's. So long as plaintiff herself appears as the payee on the check, however, there is no reason why defendant cannot mail that check to plaintiff's counsel pursuant to the assignment. In fact, defendant essentially has agreed to do that here . . . . The Court thus will direct defendant to mail any post-offset payment, payable to plaintiff, to her attorney." Scott v. Astrue, 2011 WL 32544, *3 (W.D.N.Y. 2011) (Arcara, J.). "For now, there is no reason to believe that defendant actually will prolong any offset determination indefinitely . . . . The Court rejects plaintiff's counsel's request for an offset timetable, but without prejudice to renew that request if payment does not occur within 120 days of this Decision and Order." Id., *4.

## CONCLUSION

Counsel's Motion [17] is granted in part and denied in part, as follows: the court awards plaintiff attorney's fees in the amount of $6,300.00, payable to plaintiff herself but to be delivered to plaintiff's counsel.  Should payment not be made within 120 days of this Decision and Order, counsel may request a timetable for determination of any offsets that may apply to the payment otherwise due.

**SO ORDERED.**

Dated:  January 11, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
